IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CROWN CASTLE FIBER LLC,** *Plaintiff,* | § § § § | |
| vs. | § § | CASE NO. 4:20-CV-03369 |
| **CITY OF PASADENA,** *Defendant.* | § § § § | |

### PLAINTIFF'S MOTION FOR RECONSIDERATION AND TO VACATE STAY ORDER

Plaintiff Crown Castle Fiber LLC ("Crown Castle") respectfully submits this Motion for Reconsideration and to Vacate the Court's Stay Order dated September 26, 2022.  Dkt. 156.

On August 2, 2022, this Court entered a final judgment declaring that certain provisions of the City of Pasadena's Design Manual are preempted by the Telecommunications Act and enjoining the City's continued enforcement of those provisions. Dkt. 148.

The City filed a Notice of Appeal on August 31, 2022.  Dkt. 151.

On September 14, 2022, the City filed its Opposed Motion for Stay Pending Appeal pursuant to Fed. R. Civ. P. 62(d).  Dkt. 153.  The City waited until 44 days after the Final Judgment and two weeks after its Notice of Appeal to file its Motion

1

for Stay. The City did not file the Motion for Stay as an "emergency" motion or otherwise request expedited Court consideration.

Pursuant to District Court Local Rule 7.3, "opposed motions will be submitted to the judge 21 days from filing …." Thus, Crown's response to the City's Opposed Motion for Stay was due on October 6, 2022. Moreover, pursuant to Rule 62(d), although the City filed a Notice of Appeal, the District Court retained (and still retains) jurisdiction to determine the City's motion "while an appeal is pending." Fed. R. Civ. P. 62(d); *see, e.g.*, *Matter of Miranne*, 852 F.2d 805, 806 (5th Cir. 1988) ("the district court retained jurisdiction to grant appellant's request for a stay despite the fact that a notice of appeal to this Court was filed prior to the request for a stay").

Although Crown's response to the City's Motion for Stay was not yet due, and although the City did not seek expedited consideration, the Court granted the City's Stay Order on September 26, 2022.

Contemporaneously with this Motion, Crown filed its Response to Pasadena's Motion for Stay.

Crown Castle respectfully requests that the Court consider its Response, which was timely filed under Local Rule 7.3.[1]

---

[1] "While an appeal is pending" the District Court retains jurisdiction to determine whether to vacate the stay Order, deny the City's Motion for Stay, and restore its injunction. Fed. R. Civ. P. 62(d); *Matter of Miranne*, 852 F.2d at 806.

For the reasons stated in Crown Castle's Response, Crown Castle requests that the Court vacate its Stay Order and deny the City's Opposed Motion for Stay Pending Appeal.

Respectfully submitted,

**BECK REDDEN LLP**

By:  /s/Jeff M. Golub
     Jeff M. Golub
     Texas State Bar No.
     00793823
     Federal I.D. No. 21606
1221 McKinney, Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-3700
jgolub@beckredden.com

**ATTORNEYS FOR PLAINTIFF
CROWN CASTLE FIBER LLC**

**OF COUNSEL**

Marty Gatens
Texas State Bar No. 24120844
Federal I.D. No. 3609810
mgatens@beckredden.com
1221 McKinney, Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-3700

3

4

## **CERTIFICATE OF SERVICE**

I hereby certify a true and correct copy of the foregoing instrument has been served through the Court's ECF system on October 3, 2022 on all counsel of record.

*/s/Jeff M. Golub*
Jeff M. Golub
